UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELA GREEN                                          CIVIL ACTION

VERSUS                                                16-223-SDD-EWD

THE HOSPITAL SERVICE DISTRICT OF
WEST FELICIANA PARISH, LOUISIANA
AND THE BOARD OF COMMISSIONERS
OF THEHOSPITAL SERVICE DISTRICT
OF WEST FELICIANA

### RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim*[1] filed by Defendants, The Hospital Service District of West Feliciana Parish, Louisiana and the Board of Commissioners of the Hospital Service District of West Feliciana ("Defendants"). Plaintiff, Angela Green ("Plaintiff"), filed an *Opposition*[2] to which Defendants filed a *Reply*,[3] and Plaintiff filed a *Sur-Reply*.[4] For the following reasons, the motion will be granted in part and denied in part.

### I.  FACTUAL BACKGROUND[5]

Plaintiff, an African-American, was hired as a PRN registered Nurse by the Hospital Service of West Feliciana Parish, Louisiana ("Hospital"), on January 31, 2013, and became a staff RN in April of 2013. When she was hired, the Plaintiff held a Bachelor's Degree and 15 years of experience, and her starting rate of pay was $30 per hour, with an ending rate of pay of $28.75 an hour as a staff nurse. Plaintiff alleges that

---

[1] Rec. Doc. 15.
[2] Rec. Doc. 22.
[3] Rec. Doc. 23.
[4] Rec. Doc. 26.
[5] The Court bases the factual background on Rec. Doc. 11.
37766

a Caucasian nurse, with little or no experience, became a staff nurse with an hourly rate of pay of $30.00.  Plaintiff further claims that she was repeatedly denied promotional opportunities and "paid in a disparate fashion" because she was African-American.[6]

Around December 9, 2013, Plaintiff expressed interest in the open position known as Utilization Review.  The Hospital CEO Lee Chastant ("Chastant") assigned the position to a Caucasian female who Plaintiff alleges was less qualified.  Plaintiff protested her denial of promotion to the position of Utilization Review and other open positions arguing the decision was racially motivated.

Plaintiff also claims that she was subjected to racial harassment consisting of, but not limited to: derogatory statements regarding African-Americans; comments that African-Americans "need to know their place;" placing Plaintiff as the head of housekeeping "because she can relate,"[7] as all the employees in housekeeping are African-American; and Caucasian nurses refusing to treat African-American patients. Plaintiff also contends that Defendants did not have a policy regarding harassment, discrimination, and retaliation while she was an employee.

On April 8, 2014, the nursing department had a meeting wherein Chastant stated that five positions would be posted for all interested employees per Hospital policy. Plaintiff emailed Chastant on June 4, 2014, alleging she was denied positions because she is an African-American.  Chastant allegedly admitted he had not posted the positions and that "he could do as he pleases."[8]

---

[6] *Id.* at p. 2.
[7] *Id.* at p. 3.
[8] *Id.* at p. 4.
37766

Sometime in July of 2014, Plaintiff met with Chastant, Neta Leake ("Leake"), Judy Jones ("Jones"), and Kevin Mulligan, a Human Resources Consultant.  During the meeting, Plaintiff was allegedly told she would only be allowed to ask questions and that she would not receive any responses.  Plaintiff questioned the racist policies at the Hospital, but allegedly received no answers.

On August 12, 2014, a member of the Board met with Jones, a nurse, and allegedly told Jones that promotions were not given to Plaintiff and others "because of race, and to file a written complaint with the Board, and make sure that press was there for the Board meeting."[9]

Plaintiff and other African-American nurses presented their complaints of racism to the Board on August 21, 2014.  At this meeting, Plaintiff, along with other African-American nurses, provided each member of the Board with emails and correspondence regarding their complaints of racism, "to no avail."[10]  Plaintiff alleges that, on September 17, 2014, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights ("LCHR").

The position of Utilization Review at the Hospital became available during October of 2014.  Plaintiff applied and was interviewed by Chastant and Chief Medical Officer, Dr. Anthony Shields ("Dr. Shields").  Plaintiff alleges that a Caucasian candidate was chosen instead of herself despite Plaintiff being more qualified for the position.

During a two month period, five nurses were suspended, and nine or ten nurses either resigned or were allegedly fired by the Hospital.  The Hospital hired agency nurses,

---

[9] *Id.* at p. 5.
[10] *Id.*
37766

and Plaintiff alleges that the agency nurses worked with "little or no orientation to the facility," no access to computer charting, and no access to Omnicell for medication administration leaving patients without vital medication – all violations of law.[11]

Plaintiff further alleges that, after "multiple meetings, email exchanges, complaints, reports, protests and attempts to resolve the discriminatory acts" Plaintiff, "because of the significant compromise to her license," was left with no choice but to resign and "was constructively discharged on December 25, 2014."[12]

Plaintiff filed this *Complaint*[13] on April 8, 2016, alleging that Defendants violated Title VII of the Civil Rights Act of 1964[14] and Louisiana Revised Statute 23:301, *et seq*. On May 26, 2016, Plaintiff filed an *Amended Complaint*[15] to include her Notice of Right to Sue Letter from the Department of Justice.  Defendants have filed a *Motion to Dismiss* Plaintiff's claims.

## II.   LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17]  "To

---

[11] Rec. Doc. 11, p. 5.
[12] *Id.*
[13] Rec. Doc. 1.
[14] 42 U.S.C. § 2000(e).
[15] Rec. Doc. 11.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
37766

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[22]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[21] *Twombly*, 550 U.S. at 570.
[22] *Iqbal*, 556 U.S. at 678.
[23] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[24] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
37766

### B. Motion to Dismiss Under Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[25]  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim relief that is plausible on its face.'"[26] However, when ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[27]  Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle plaintiff to relief."[28]

### C. Prescription

Defendants argue that Plaintiff's "state and federal discrimination claims must be dismissed due to her failure to comply with certain judicial and statutory prerequisites required under both the LEDL and Title VII."[29]  In Defendants' *Reply*, they acknowledge that, "Under Title VII, a charge is timely filed when received by the EEOC, not when it is

---

[25] *Hall v. Louisiana, et. Al.*., 974 F.Supp.2d 978, 985 (M.D. La. Sep. 30, 2013)(citing *Benton v. U.S.*., 960 F.2d 19, 21 (5th Cir. 1998)).
[26] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[27] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).
[28] *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).
[29] Rec. Doc. 15-1, p. 3.
37766

mailed to the EEOC;"[30] "Defendants concede the questionnaire was received by the EEOC at least by October 8, 2014."[31]

"When an employee discrimination claim is brought in a deferral state, an aggrieved employee must file a claim with the designated state agency of the EEOC within 300 days of the alleged unlawful employment action."[32] Plaintiff's EEOC "Charge of Discrimination" states that the earliest and latest date of discrimination was December 12, 2013.[33] If the claim is filed within the 300 days, it is not prescribed.[34] The Fifth Circuit in *Conner v. Louisiana Department of Health and Hospitals* held:

> This court has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to set [ ] the administrative machinery in motion.[35]

It is undisputed that Plaintiff submitted an intake questionnaire to the EEOC.[36] The issue before the Court is the date Plaintiff submitted her EEOC intake questionnaire. Plaintiff argues that the intake questionnaire was submitted on September 17, 2014,[37] while Defendants claim that the intake questionnaire was "received by the EEOC at least by October 8, 2014."[38]

---

[30] Rec. Doc. 23, p. 2.
[31] *Id.*
[32] *Kirkland v. Big Lots Store, Inc.*, 547 Fed.Appx. 570, 572-73 (5th Cir. 2013).(*See Nat'l R. R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).
[33] Rec. Doc. 22-1, p. 23.
[34] *See Kirkland*, 547 Fed.Appx. at 572-73.
[35] 247 Fed. Appx. 480, 481 (5th Cir. 2007)(quoting *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982); *see also Edelman v. Lynchburg College*, 535 U.S. 106, 118-119, 122 S.Ct. 1145, 152 L.Ed. 188 (2002)(internal citations omitted).
[36] *See* Rec. Docs. 22, 23.
[37] Rec. Doc. 22, p. 5.
[38] Rec. Doc. 23, p. 2.
37766

The Fifth Circuit in *Kirkland v. Big Lots Store Inc.* examined the question before the Court – what is the date that an EEOC intake questionnaire is deemed submitted for purposes of calculating the 300 day prescriptive period in Louisiana.[39]  The plaintiff in *Kirkland*, like the Plaintiff in the present case,[40] argued that the EEOC intake questionnaire is submitted on the day it was mailed.  In Ruling, the court stated:

> Mailing is not filing for purposes of Title VII.  A claim is considered filed when it is *received* by the EEOC or the state agency responsible for the administration of complaints of employment discrimination.  Accordingly, Kirkland's claim was not filed until it was received by the LCHR [Louisiana Commission on Human Rights] on May 6, 2010.[41]

Based upon the holding of the Fifth Circuit in *Kirkland*, Plaintiff's EEOC intake questionnaire will be deemed submitted on the date it was received by LCHR.[42]

Examining the EEOC documents provided, it is clear that the EEOC provided a letter dated October 8, 2014 wherein the EEOC "acknowledge[d] receipt of the above-numbered charge of employment discrimination."[43]  As this is the date that the EEOC is acknowledging receipt of Plaintiff's EEOC complaint, the Court finds that the EEOC received the Plaintiff's intake questionnaire on October 8, 2014.  Therefore, as long as the alleged discriminatory conduct occurred on or after December 12, 2013, Plaintiff's

---

[39] 547 Fed.Appx. at  572-73.
[40] Rec. Doc. 22, p. 5.
[41] *Kirkland*, 547 Fed.Appx. at 573.(quoting *Taylor v. Gen. Tel. Co. of Sw.*, 759 F.2d 437, 440 (5th Cir. 1985)(29 C.F.R. § 1601.13(a)(4)(2)(a)(A)(2010)).(emphasis original).
[42] The Court rejects Plaintiff's argument that the submission date is September 17, 2014 based upon the Supreme Court's decision in *Edelman v. Lynchburg College*, 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002). *See* Rec. Doc. 22, pp. 4-5.  Applying *Edelman* to the present case, it is clear that the submission date relates back to when the Plaintiff's EEOC intake questionnaire was "filed" with the EEOC.  However, the Fifth Circuit in *Kirkland* clearly stated that an EEOC intake questionnaire is deemed "filed" in Louisiana when it is received by the LCHR.  Accordingly, the Court deems Plaintiff's intake questionnaire "filed" on the date it was received by LCHR.
[43] Rec. Doc. 22-1, p. 18.
37766

claim is not time barred. Per her EEOC charge, Plaintiff's first and last date of discrimination occurred on December 12, 2013.[44] Accordingly, Plaintiff's Title VII discrimination claim is not time barred as she filed her EEOC complaint within the 300 day prescriptive period required in Louisiana.[45]

For the above reasons, Defendants' *Motion to Dismiss* Plaintiff's Title VII discrimination claim, for failure to promote, as time barred is DENIED.

### D. Scope of Plaintiff's EEOC Charge

Defendants argue that Plaintiff's claims for constructive discharge, harassment, and retaliation should be dismissed because they were not contained in the charge.[46] Defendants also allege that Plaintiff's disparate pay claim should be dismissed as it was not clearly specified in the charge.[47] According to Defendants, "this Court is prohibited from considering any of the remaining allegations contained in the Complaint because discovery of such allegations could not reasonably be expected to grow out of the EEOC investigation into allegations contained in her EEOC charge."[48]

In the EEOC Charge of Discrimination ("Charge") provided by Plaintiff, the box for retaliation is empty.[49] In the Charge, the Plaintiff has clearly marked "discrimination based on: race, color, sex."[50] Plaintiff argues that she checked the box marked continuing action on the charge, and she alleged harassment on her cover letter to the EEOC.[51] In her

---

[44] *See* Rec. Doc. 22-1, p. 23.
[45] The Court need not examine Plaintiff's continuing violation argument as her discrimination claim for failure to promote is not time barred.
[46] Rec. Doc. 15-1, p. 11.
[47] Rec. Doc. 23, p. 3.
[48] Rec. Doc. 15-1, pp. 11-12.
[49] Rec. Doc. 22-1, p. 23.
[50] *Id.*
[51] Rec. Doc. 22, *See* Rec. Doc. 22-1, p. 23.

37766

*Sur-Reply*, Plaintiff contends "it can reasonably be expected that the Plaintiff's claim of harassment and retaliation would grow out of her Charge."[52]  Plaintiff further states that "Plaintiff's constructive discharge [claim] is instead, direct evidence of Defendant's harassment, discrimination, and retaliation."[53]  Plaintiff relies on *Walls v. Mississippi State Department of Public Welfare* and *Pacheco v. Mineta* in support of this argument.[54]

Turning first to the question of retaliation, the Court will apply the standard articulated by the Fifth Circuit in *Simmons-Myers v. Caesars Entertainment Corporation*.[55]  The *Simmons-Myers* court applied the *Gupta* exception, "which does not require exhaustion for a retaliation claim growing out of an earlier EEOC charge."[56]  Plaintiff argues that Defendants' retaliatory conduct grew out of her discrimination charge filed with the EEOC.[57]  Ordinarily, Plaintiff would be required to "file a supplemental claim, or at the very least, amend her original EEOC charge"[58] for her retaliation claim to be properly before the Court.  If, however, the alleged retaliatory conduct is not "the same inciting event,"[59] but retaliation growing out of an earlier charge, the Court retains ancillary jurisdiction over the retaliation charge.[60]  Here, Plaintiff filed her charge of discrimination on October 8, 2014,[61] and was subsequently allegedly retaliated against, leading to her ultimate resignation and alleged constructive discharge on December 25, 2014.[62]

---

[52] Rec. Doc. 26, p. 2.
[53] *Id.*
[54] *Id.*, p. 2, *citing Walls*, 730 F.2d 306, 318 (5th Cir. 1984); *Pacheco*, 448 F.3d 783, 792 (5th Cir. 2006).
[55] 515 Fed.Appx. 269 (5th Cir. 2013).
[56] *Id.* at 272 (quoting *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981)).
[57] Rec. Doc. 26, p. 2.
[58] *Simmons-Myers*, 515 Fed Appx at 273.
[59] *Id.* at 274.
[60] *See Gupta*, 654 F.2d at 414.
[61] Rec. Doc. 22-1, p. 18.
[62] Rec. Doc. 11, p. 5.

37766

Because the timeline illustrates that the alleged retaliatory conduct grew out of her EEOC charge, the Court will apply the *Gupta* exception to Plaintiff's retaliation claim and maintain ancillary jurisdiction over this claim. Accordingly, Defendants' *Motion to Dismiss* Plaintiff's retaliation claim pursuant to FRCP 12(b)(1) is DENIED.

The Court must also examine whether Plaintiff exhausted her administrative remedies on her harassment claim. While Plaintiff's *Complaint* contains allegations of retaliation, harassment, discrimination, and constructive discharge,[63] the charge contains only a claim of discrimination.[64] The Court in *Pacheco*, relying on *Fellows v. Universal Restaurants, Inc.* and *Fine v. GAF Chemical Corporation*, stated: "this court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[65] Accordingly, the Court may "look slightly beyond [the charge's] four corners, to its substance rather than its label."[66]

The language contained in the "Particulars" portion of Plaintiff's charge clearly alleges that she was discriminated because she was African-American and denied promotional opportunities.[67] Absent, however, in the "Particulars" portion is any allegation of harassment. To allow Plaintiff's harassment claim to proceed would go against the public policy to encourage "agency efforts to secure voluntary compliance before a civil

---

[63] *Id.*
[64] Rec. Doc. 22-1, p. 23.
[65] 448 F.3d at 789.
[66] *Id.*
[67] Rec. Doc. 22-1, p. 23.
37766

action is instituted."[68] Because the facts supporting Plaintiff's claim for harassment in her *Complaint* are separate incidents from the incidents of discrimination contained in her Charge,[69] the Court finds it plausible that Plaintiff's harassment claims "[grew] out of the charge of discrimination."[70] Accordingly, Defendants' *Motion to Dismiss* Plaintiff's harassment claim pursuant to FRCP 12(b)(1) is DENIED.

Plaintiff also alleges a claim for constructive discharge in her *Complaint*.[71] Plaintiff's charge specifically states that she was discriminated against based upon her "race, color, and sex."[72]  The Fifth Circuit in *Vicknair v. Louisiana Department of Public Safety and Corrections* examined whether an employee who failed to allege a claim for constructive discharge in their EEOC charge, could later include a claim for constructive discharge in their complaint.[73]  The *Vicknair* court held that the plaintiff's amended EEOC charge "cannot be construed so broadly as to encompass the constructive discharge claim… [because] [plaintiff's] EEOC complaint expressly claimed retaliation, and nothing else."[74]  Because "[n]othing in the facts alleged in the second EEOC complaint put [defendant] on notice of a possible constructive-discharge claim…[plaintiff] failed to exhaust administrative remedies and cannot seek judicial relief on that claim."[75]

---

[68] *Id.*(quoting *Ong v. Cleland,* 642 F.2d 316, 319 (9th Cir. 1981)).
[69] *See* Rec Docs. 11, 22-1, p. 23.
[70] *Pacheco*, 448 F.3d at 789.
[71] Rec. Doc. 11, p. 5.
[72] Rec. Doc. 22-1, p. 23.
[73] 555 Fed. Appx. 325, 332 (5th Cir. 2014).
[74] *Id.*
[75] *Id.*
37766

The facts in the present case however are distinguishable from *Vicknair*. Plaintiff's alleged discharge claim is plausibly a form of retaliation by Defendants for filing her Charge, thus warranting the application of *Gupta*,[76] because her constructive discharge allegedly arose from the filing of her Charge. Accordingly, Defendants' *Motion to Dismiss* Plaintiff's constructive discharge claim pursuant to FRCP 12(b)(1) is DENIED.

Defendants allege that Plaintiff's claim for disparate pay should be dismissed because Plaintiff failed to allege facts to support a claim for disparate pay in her EEOC charge.[77] Plaintiff contends that her claim for disparate pay could "reasonably be expected" to grow out of her discrimination claim.[78] In *Frazier*, the Fifth Circuit held, "[t]he crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations."[79] The factual particulars of Plaintiff's charge states:

> I believe that I was discriminated against due to my race (black), color and sex (female) in that white employees with less qualifications than I are less [sic] are being promoted and I was not and I also believe that other blacks as a class have also been denied promotions all in violation of Title VII of the Civil Rights Act of 1964 as amended.[80]

Nothing in the above statement from Plaintiff's charge would place Defendants on notice that she alleged a claim for disparate pay. Plaintiff's charge clearly alleges a claim for discrimination based upon failure to promote; therefore, Defendants were only put on notice that Plaintiff had a claim for failure to promote. Plaintiff uses the Lilly Ledbetter

---

[76] *Supra* note 56.
[77] Rec. Doc. 23, p. 3.
[78] *Id.*, p. 2.
[79] *Frazier*, 509 Fed.Appx. at 374 (quoting *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462 (5th Cir. 1970)).
[80] Rec. Doc. 22-1, p. 23.
37766

Fair Pay Act ("Lilly Ledbetter Act"[81]) in support of her argument that her Title VII claims were not time barred.[82] The Lilly Ledbetter Act is not applicable to the present case because Plaintiff did not allege discriminatory compensation decisions in her EEOC charge, and the Lilly Ledbetter Act applies to discrimination in compensation - not discrimination regarding failure to promote. The Court finds that Plaintiff has failed to exhaust her administrative remedies regarding her disparate pay claim, and therefore this claim is premature. Accordingly, Defendants' *Motion to Dismiss* Plaintiff's disparate pay claim pursuant to FRCP 12(b)(1) is GRANTED.

### E.  Plaintiff's State Law Claim

Defendants argue that Plaintiff's Louisiana state law discrimination claim has prescribed, along with her claims for harassment, retaliation, constructive discharge, and disparate pay, because they were never properly alleged. Louisiana Revised Statute 23:303(C) states:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolved the dispute prior to initiating court action.[83]

Federal district courts in Louisiana "have held [that] the filing of an EEOC charge of discrimination satisfies the notice requirement [La. R.S. 303(c)], but limits the state

---

[81] 42 U.S.C. § 2000e-5(e)(3)(A).
[82] Rec. Doc. 22, p. 6.
[83] La. R.S. 23:303(C).
37766

claim to the alleged discrimination detailed in the EEOC charge…"[84]  As previously discussed, Plaintiff's EEOC discrimination charge for failure to promote was timely filed and is not time barred.  Defendants further argue that Plaintiff's state law claims for harassment, retaliation, constructive discharge, and disparate pay should be dismissed as they were not contained in the EEOC charge which satisfies the notice requirement under La. R.S. 303(c).  For the reasons discussed above, the Court finds that Plaintiff's *Complaint* is limited solely to her discrimination claim for failure to promote – the only alleged violation contained in the Plaintiff's charge.[85]  Because Plaintiff's Louisiana law claims are based upon her EEOC charge, Defendants could not have been given notice relating to her harassment, retaliation, constructive discharge, and disparate pay claims as is required under La. R.S. 303(c), because these claims were not contained in her EEOC complaint.

Plaintiff contends she provided notice to Defendants regarding the retaliation, harassment, constructive discharge, and disparate pay claims because they "attempted and participated in conciliation with Plaintiff at the EEOC, in order to resolve all of her claims."[86]  As discussed above *in extensio*, the only claim made by Plaintiff in her EEOC charge was a discrimination claim.  While the Court maintains ancillary jurisdiction over Plaintiff's Title VII retaliation claim per the *Gupta* exception, to maintain a valid retaliation

---

[84] *Johnson v. Hospital Corp. of America*, 767 F.Supp.2d 678, 700 (W.D. La. Feb. 11, 2011).(*See e.g., Johnson v. Harrah's Entertainment, Inc.*, 2005 WL 3541139, *4 (E.D. La. 2005); *Dorgan v. Foster*, 2006 WL 2067716, *5, (E.D. La. 2006), citing *Dunn v. Nextel So. Corp.,* 207 F.Supp.2d 523, 524 (M.D. La. 2002).
[85] Rec. Doc. 22-1, p. 23.
[86] Rec. Doc. 26, p. 3.
37766

claim under Louisiana law however, Plaintiff must provide Defendants with "separate written notice"[87] of her retaliation claim before she instituted this suit.

The United States District Court for the Western District in Louisiana in *Lombardino v. Brentwood Health Management L.L.C.* held:

> [the Louisiana Employment Discrimination statute [La. R.S. 23:301 *et seq.*]] does not expressly provide for a penalty in the event of noncompliance with its procedural provisions. Nonetheless, other courts addressing this issue have determined that a claim under the LEDL must be dismissed if the plaintiff fails to satisfy the notice requirements, unless she has filed a charge with the EEOC within the requisite time period.[88]

Because the Plaintiff's EEOC Charge only contained a claim of discrimination and not harassment or retaliation, her EEOC Charge could not provide notice to Defendants of Plaintiff's state law retaliation and harassment claims. Like the plaintiff in *Lombardino*, Plaintiff herein "has failed to provide any additional information which would demonstrate that she gave written notice to [Defendant] or that she made a good faith effort to resolve the issues [her harassment, retaliation, constructive discharge, and disparate pay claims] before initiating suit."[89] With the absence of information that Plaintiff provided notice of her retaliation and harassment claims before filing this suit, the Court finds that Plaintiff has failed to satisfy the requirements of La. R.S. 23:303(C).

Accordingly, Defendants' *Motion to Dismiss* Plaintiff's state law discrimination claim for failure to promote is DENIED, and Defendants' *Motion to Dismiss* Plaintiff's state

---

[87] *Mayes v. Office Depot, Inc.*, 292 F.Supp.2d 878, 889 (W.D. La. Sep. 19, 2003).
[88] *Lombardino v. Brentwood Health Management L.L.C*, 15-cv-1358, 2005 WL 2600439 at *2 (W.D. La. Oct. 13, 2005)(*See Dunn v. Nextel South Corp.*, 207 F.Supp. 2d 523, 524 (M.D. La. 2002); *see also Trahan v. Lowe's Inc.*, 2002 WL 1560272 at *5 (E.D. La. 2002).
[89] *Id.* at *3.
37766

law harassment, retaliation, disparate pay, and constructive discharge claims is GRANTED.

### F. Plaintiff's Claim Against the Board of Commissioners

Defendants argue Plaintiff's claims against the Board of Commissioners ("Board") should be dismissed because "nowhere in the *Complaint* does Plaintiff set forth any factual allegations that they engaged in any wrongful or unlawful conduct."[90] The *Complaint* alleges the "[Board] had 'absolute control and authority over' the West Feliciana Parish Hospital."[91] Viewing Plaintiff's allegations in the light most favorable to her, Plaintiff's allegations against the Hospital "can also be construed as allegations against the [Board]."[92]

Thus, the motion to dismiss is DENIED as to the Board.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss for Failure to State a Claim*[93] is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 22, 2017</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[90] Rec. Doc. 15-1, p. 13.
[91] Rec. Doc. 11, p. 1.
[92] *Williams v. Hospital Service Dist. of West Feliciana Parish, La.*, 15-cv-00095, 2015 WL 4656910 at *5 (M.D. La. Aug. 5, 2015).
[93] Rec. Doc. 15.
37766